IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Lead Case No. 11-04386 |
| | ) | |
| FAIRVIEW MINISTRIES, INC., *et al.*,[2] | ) | (Jointly Administered) |
| | ) | Hon. Susan Pierson Sonderby |
| Debtors. | ) | Chapter 11 |
| | ) | |
| | ) | Hearing Date: July 13, 2011 |
| | ) | Hearing Time: 2:00 p.m. |

**COVER SHEET FOR FIRST AND FINAL APPLICATION FOR REIMBURSEMENT
OF EXPENSES OF B.C. ZIEGLER AND COMPANY, DEBTORS'
INVESTMENT BANKER WITH RESPECT TO THE ROCKFORD CAMPUS**
(Local Rule 5082-1(A))

| | |
|---|---|
| Name of Applicant: | B.C. Ziegler and Company |
| Authorized to Provide Professional Services to: | Fairview Ministries, Inc., Fairview Village, Fairview Baptist Home, Fairview Residence of Rockford, and VibrantLiving Communities & Services, *Debtors* |
| Date of Order Authorizing Employment: | March 15, 2011, effective retroactively to February 4, 2011 [Dkt. 150] |
| Period of Which Compensation is Sought: | February 4, 2011 through June 10, 2011 |
| Amount of Fees Sought: | $ 0.00 |
| Amount of Expenses Sought: | $ 53,371.43 |

This is a(n):    Interim Application: _____    Final Application:    X

If this is not the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| | | n/a | | |

---

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Fairview Ministries, Inc. (2067), Fairview Village (2068), Fairview Baptist Home, d/b/a Fairview Center for Health & Wellness (9812), Fairview Residence of Rockford, d/b/a Crimson Pointe (8394), and VibrantLiving Communities & Services (1604).

Respectfully submitted,

B.C. ZIEGLER & COMPANY
*Investment Banker to the Debtors*

Dated: June 16, 2011

_____
Kevin Q. Carden
B.C. ZIEGLER & COMPANY
200 South Wacker Drive, Suite 200
Chicago, Illinois 60606
Tel: 312.596.1519
Fax: 312.263.5217
kcarden@ziegler.com

*Prepared with assistance by counsel to B.C. Ziegler & Company*

/s/ Roberto A. Dall'Asta
_____
James W. Kapp III (ARDC # 6239269)
Roberto A. Dall'Asta (ARDC # 6299596)
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street
Chicago, Illinois 60606
Tel: 312.372.2000
Fax: 312.984.7700
jkapp@mwe.com
rdallasta@mwe.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Lead Case No. 11-04386 |
| | ) |
| FAIRVIEW MINISTRIES, INC., *et al.*,[3] | ) (Jointly Administered) |
| | ) Hon. Susan Pierson Sonderby |
| Debtors. | ) Chapter 11 |
| | ) |
| | ) Hearing Date: July 13, 2011 |
| | ) Hearing Time: 2:00 p.m. |

**FIRST AND FINAL APPLICATION FOR REIMBURSEMENT OF EXPENSES OF
B.C. ZIEGLER AND COMPANY, DEBTORS' INVESTMENT BANKER WITH
RESPECT TO THE ROCKFORD CAMPUS**

B.C. Ziegler and Company ("Ziegler"), investment banker with respect to the Rockford Campus (defined herein) for the above captioned debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to sections 330 and 331 of chapter 11, title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 5082-1 of the Bankruptcy Rules of the Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), hereby submits its First and Final Application (the "Application") for entry of an order allowing and disbursing reimbursement of expenses to Ziegler in the amount of $53,371.43 incurred between February 4, 2011 and June 10, 2011 (the "Application Period"). In support of this Application, Ziegler respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the matters raised in this Application pursuant to 28 U.S.C. §§ 157 and 1334.

---

[3] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Fairview Ministries, Inc. (2067), Fairview Village (2068), Fairview Baptist Home, d/b/a Fairview Center for Health & Wellness (9812), Fairview Residence of Rockford, d/b/a Crimson Pointe (8394), and VibrantLiving Communities & Services (1604).

- 1 -

2.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (M).

3.  Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a), and Local Rule 5082-1.

## BACKGROUND

5.  On February 4, 2011 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Court"). The Debtors remain in possession of their assets and continue to operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6.  The Debtors are Illinois not-for-profit corporations that owned and operated senior living facilities in Illinois, including an assisted living facility in Rockford (the "Rockford Campus").

7.  On September 17, 2010, the Debtors entered into an engagement agreement with Ziegler (the "Engagement Agreement") to serve as the Debtors' investment banker with respect to the Rockford Campus.[4] In particular, the Debtors retained Ziegler's services "in connection with the possible sale, merger, affiliation, lease, recapitalization, or other similar transaction that materially alters the capital structure of" the Rockford Campus (collectively, the "Transaction"). *See* Engagement Agreement 1. As set forth in the Engagement Agreement, the services rendered in connection with the Transaction included, *inter alia*, the following tasks:

---

[4] A true and correct copy of the Engagement Agreement is attached hereto as Exhibit A. To the extent that the Application and the terms of the Engagement Agreement are inconsistent, the terms of the Engagement Agreement shall control. Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Engagement Agreement.

- Prepare a trend of the historic financial results and performance indicators (i.e., occupancies, per day revenue, per day expense, etc.) of the Rockford Campus;
- Analyze recent and projected performance of the Rockford Campus;
- Perform a financial assessment comparing current and projected expense levels to industry benchmarks, highlighting potential areas that might improve the Rockford Campus's cash flow and financial performance, and highlighting other areas of potential value;
- Solicit acquisition and recapitalization proposals from Transaction Partners;
- Present the Debtors with specific proposals received;
- Assist the Debtors to structure, negotiate, and close the Transaction; and
- Perform all other necessary and appropriate services as reasonably requested in these chapter 11 cases (collectively, the "Services").

*See Id.* at 1-2; Retention Application (defined below) ¶ 23.

8. On February 25, 2011, the Debtors filed their application to employ Ziegler, effective as of the Petition Date, as their investment banker and financial advisor with respect to the Rockford Campus [Dkt. 96] (the "Retention Application") pursuant to the terms set forth in the Engagement Agreement.

9. On March 15, 2011, the Court approved the Retention Application [Dkt. 150] (the "Retention Order"). The Retention Order provides, in relevant part, that (i) upon the closing of the Transaction, Ziegler is entitled to the Transaction Success Fee without further order of the Court and (ii) Ziegler is excused from maintaining time records in connection with the Services. *See* Retention Order ¶¶ 2-3.

10. In addition, the Retention Order provides that Ziegler is entitled to reimbursement (after this Court's approval) of its out-of-pocket expenses related to the Transaction, including, but not limited to, legal fees and any other advisor fees associated with its Services. *See* Engagement Agreement 3; *see also* Retention Order ¶¶ 1 and 5. Moreover, any such allowed post-Petition Date expense reimbursement claims are entitled to priority pursuant to sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code. *See* Retention Order ¶ 5.

11. As a result of Ziegler's Services, the Debtors identified Senior Housing Properties Trust ("SHPT") as having the highest and best offer for the Rockford Campus. Accordingly, the Debtors and SHPT entered into that certain Asset Purchase Agreement, dated as of February 22, 2011 (the "APA"), pursuant to which SHPT purchased substantially all of the assets related to the Rockford Campus. The APA was approved by the Court on April 14, 2011 [Dkt. 232]. On May 2, 2011, the sale of the Rockford Campus closed.

12. Pursuant to the terms of the Retention Order, the Debtors paid Ziegler the Transaction Success Fee upon the closing of the APA.[5] *See* Retention Order ¶ 3.

## SUMMARY OF OUT-OF-POCKET EXPENSES INCURRED DURING THE APPLICATION PERIOD

13. By this Application, Ziegler seeks only reimbursement for expenses incurred in connection with the Services rendered to the Debtors. Accordingly, Ziegler has expended and hereby requests reimbursement of the sum of $53,371.43 for actual and necessary expenses incurred during the Application Period.[6]

14. Substantially all such expenses were comprised of legal fees for services provided by McDermott Will & Emery LLP ("MWE"). Specifically, MWE attorneys assisted Ziegler with the following bankruptcy matters related to the Transaction:

- Preparation of the Retention Application and ancillary documents and address issues related thereto;
- Consultation with respect to the Transaction Success Fee and the compensation arrangement between the Debtors and Ziegler under the Engagement Agreement;

---

[5] As of the Petition Date, Ziegler held a retainer from the Debtors in the amount of $11,467.00. Such amount was credited toward the Transaction Success Fee pursuant to the Engagement Agreement and the Retention Order. The Transaction Success Fee, including the credited retainer amount, was $352,500.00.

[6] Consistent with the Retention Order, and pursuant to Local Rule 5082-1(B)(1)(g), a summary of all reimbursable expenses detailed herein are attached hereto as Exhibit B.

DM_US 28758197-5.084272.0012

- Representation of Ziegler in Court at multiple hearings with respect to the Retention Application and the APA;
- Resolution of issues raised by the Court, the U.S. Trustee, and other third parties with respect to the Retention Application; and
- Preparation of this Application for expense reimbursement (collectively, the "Bankruptcy Matters").

15. The tables below itemize expenses associated with the Bankruptcy Matters. In particular, Table 1 sets forth a list of the attorneys at MWE who rendered professional services to Ziegler in connection with the Bankruptcy Matters, together with their position at the firm. hourly rates, hours billed, and the total expense Ziegler incurred related to their work.

Table 1

| Name of MWE Attorney | Position of the Attorney and Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Expense Incurred |
|---|---|---|---|---|
| Christopher J. Donovan | Partner, Bankruptcy/Mergers and Acquisitions | $765.00 | 7 | $5,355.00 |
| James W. Kapp III | Partner, Bankruptcy | $585.00 | 63.50 | $37,147.50 |
| George M. Houhanisin | Associate, Bankruptcy | $295.00 | 6 | $1,770.00 |
| Roberto A. Dall'Asta | Associate, Bankruptcy | $315.00 | 21 | $6,615.00[7] |
| **MWE services total:** | | | 97.50 | $50,887.50 |

16. Table 2 sets forth additional costs and charges Ziegler incurred in connection with the Bankruptcy Matters. Specifically, MWE charged Ziegler $2,089.98 for computer-assisted research and conference calls in connection with the Bankruptcy Matters.

---

[7] Pursuant to Local Rule 5082-1(B)(1)(c), the total expense Ziegler incurred with respect to preparation of this Application was $8,223.75.

- 5 -

Table 2

| Computer-Assisted Legal Research | $2,089.68 |
|---|---|
| Telecommunications | $0.30 |
| **MWE additional costs and charges total:** | $2,089.98 |

17. Lastly, Ziegler incurred other non-legal advisory expenses associated with the rendition of its Services to the Debtors in the aggregate amount of $393.95. As set forth on Exhibit B, such costs are associated with Ziegler's Rockford Campus marketing efforts.

18. All expenses described herein are sought to be both allowed as administrative expense claims with priority pursuant to sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code and paid by the Debtors upon approval by this Court. Upon information and belief, the Debtors have set aside approximately $53,737.00 to satisfy Ziegler's expenses. Currently, such funds are being held in escrow with the Chicago Title Insurance Company. The Debtors will release any approved expenses upon this Court's order authorizing payment.

19. All of the expenses for which Ziegler seeks reimbursement were actually incurred by Ziegler, were necessary for the proper representation of the Debtors in these cases, and were specifically allocated to the Debtors' cases. None of the expenses represents expenses unrelated to this case. Ziegler has not added any additional charges, and all expenses described herein reflect Ziegler's actual out of pocket costs. To the extent any additional out-of-pocket expenses were incurred during the Application Period, but were not processed prior to preparation of this Application, Ziegler reserves the right to request additional reimbursement of such expenses pursuant to the terms of the Retention Order.

20. Ziegler has provided copies of this Application to (a) the Office of the United States Trustee, (b) the Debtors' secured creditors, (c) Neal Wolf & Associates, LLC, counsel to

the Creditors' Committee, (d) Mintz Levin Cohn Ferris Glovsky and Popeo, PC, counsel to Wells Fargo Bank, National Association, in its capacity as Master Trustee under that certain Master Indenture dated as of January 1, 2008, (e) Winston & Strawn LLP, counsel to secured lender Bank of America, N.A., (f) Holland & Knight LLP, counsel to secured lender Hinsdale Bank and Trust Company, and (g) those persons who have formally appeared and requested service in these proceedings pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

21. Additionally, Garden City Group, the Debtors' notice, claims, and balloting agent, has served on all creditors and parties in interest by first class mail, a detailed notice of hearing on this Application that identifies the applicant and the amounts requested, and provides instructions on requesting a hard copy and/or accessing an electronic copy via the free case management website maintained by Garden City Group.

22. Ziegler requests that the Court excuse the notice requirement of Bankruptcy Rule 2002(a)(6) and approve the limited notice of the Application as sufficient and appropriate under the circumstances. Limited notice of the Application is sufficient in light of the expense to the Debtors' bankruptcy estate of individually serving approximately 3,600 creditors and parties in interest with the entire Application (estimated cost: $19,500.00) and the lack of an offsetting benefit given that the Notice Parties, including the United States Trustee and the Creditors' Committee, will receive copies of this Application. Further, the detailed notice of hearing provides all creditors with instructions on how to request a hard copy and/or retrieve an electronic copy of this Application free of charge.

DM_US 28758197-5.084272.0012

WHEREFORE, Ziegler respectfully requests that this Court enter an order, substantially in the form attached hereto as <u>Exhibit C</u>, (i) authorizing the reimbursement to Ziegler of its actual, necessary and reasonable expenses incurred in connection with the Services in the amount of $53,371.43 and (ii) granting such other and further relief as may be just and proper.

**<u>REMAINDER OF PAGE INTENTIONALLY LEFT BLANK</u>**

Respectfully submitted,

B.C. ZIEGLER & COMPANY
*Investment Banker to the Debtors*

Dated: June 16, 2011

Kevin O. Carden
B.C. ZIEGLER & COMPANY
200 South Wacker Drive, Suite 200
Chicago, Illinois 60606
Tel: 312.596.1519
Fax: 312.263.5217
kcarden@ziegler.com

*Prepared with assistance by counsel to B.C. Ziegler & Company*

/s/ Roberto A. Dall'Asta
James W. Kapp III (ARDC # 6239269)
Roberto A. Dall'Asta (ARDC # 6299596)
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street
Chicago, Illinois 60606
Tel: 312.372.2000
Fax: 312.984.7700
jkapp@mwe.com
rdallasta@mwe.com

**-Signature Page to Application-**