IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 11-04386 |
| | ) | Hon. Susan Pierson Sonderby |
| FAIRVIEW MINISTRIES, INC., *et al.*,[1] | ) | Chapter 11 |
| | ) | Jointly Administered |
| Debtors. | ) | |

**NOTICE OF DEBTORS' MOTION TO (A) SET LAST DAY TO FILE REQUESTS FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSES PURSUANT TO 11 U.S.C. §§ 503 AND 507(a)(2) AND APPLICATIONS BY PROFESSIONALS FOR FINAL APPROVAL OF COMPENSATION AND REIMBURSEMENT PURSUANT TO SECTION 330(a), AND (B) APPROVE FORM AND MANNER OF NOTICE OF <u>ADMINISTRATIVE EXPENSE BAR DATE</u>**

PLEASE TAKE NOTICE that on **Wednesday, July 20, 2011 at 11:00 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the Honorable Susan Pierson Sonderby or any Judge sitting in her stead in Courtroom 642 in the United States Bankruptcy Court, 219 S. Dearborn Street, Chicago, Illinois and shall then and there present the **Debtors' Motion to (A) Set Last Day to File Requests for Allowance and Payment of Administrative Expenses Pursuant to 11 U.S.C. §§ 503 and 507(a)(2) and Applications by Professionals for Final Approval of Compensation and Reimbursement Pursuant to Section 330(a), and (B) Approve Form and Manner of Notice of Administrative Expense Bar Date**, a copy of which is hereby served upon you.

Dated: July 15, 2011       FAIRVIEW MINISTRIES, INC., *et al.*

by:   /s/ George R. Mesires
       Donald L. Schwartz (# 2522861)
       George R. Mesires (# 6276952)
       Patrick F. Ross (# 6296461)
       Ungaretti & Harris LLP
       70 W. Madison Street, Suite 3500
       Chicago, IL 60602
       (312) 977-4400 – phone
       (312) 977-4405 – fax
       Email: dlschwartz@uhlaw.com
              grmesires@uhlaw.com
              pfross@uhlaw.com

       *Counsel for the Debtors and
       Debtors in Possession*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Fairview Ministries, Inc. (2067), Fairview Village (2068), Fairview Baptist Home, d/b/a Fairview Center for Health & Wellness (9812), Fairview Residence of Rockford, d/b/a Crimson Pointe (8394), and VibrantLiving Communities & Services (1604).

19977071-3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 11-04386 |
| | ) | |
| FAIRVIEW MINISTRIES, INC., *et al.*,[1] | ) | Hon. Susan Pierson Sonderby |
| | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Hearing Date:  July 20, 2011 |
| | ) | Hearing Time: 11:00 a.m. |

**DEBTORS' MOTION TO (A) SET LAST DAY TO FILE REQUESTS FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSES PURSUANT TO 11 U.S.C. §§ 503 AND 507(a)(2) AND APPLICATIONS BY PROFESSIONALS FOR FINAL APPROVAL OF COMPENSATION AND REIMBURSEMENT PURSUANT TO SECTION 330(a), AND (B) APPROVE FORM AND MANNER OF NOTICE OF <u>ADMINISTRATIVE EXPENSE BAR DATE</u>**

The above-captioned Debtors and Debtors in Possession (collectively, the "<u>Debtors</u>"), by and through their counsel, pursuant to Sections 105(a) and 503(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rules 3003(c)(3) and 9007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), hereby move this Court for entry of an order (a) setting August 15, 2011 as the last day to file requests for allowance and payment of administrative expenses arising on or before July 31, 2011 pursuant to Sections 503(b) and 507(a)(2) of the Bankruptcy Code, including prepetition claims entitled to priority under Section 503(b)(9), (b) setting August 22, 2011 as the last day for all professionals' to file applications for final approval of compensation and reimbursement under Section 330(a), and (c) approving the form and manner of notice of the administrative expense bar date (the "<u>Motion</u>"). In support of this Motion, the Debtors state as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Fairview Ministries, Inc. (2067), Fairview Village (2068), Fairview Baptist Home, d/b/a Fairview Center for Health & Wellness (9812), Fairview Residence of Rockford, d/b/a Crimson Pointe (8394), and VibrantLiving Communities & Services (1604).

19977071-3

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the matters raised in this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are Sections 105(a) and 503(a) of the Bankruptcy Code and Bankruptcy Rules 3003(c)(3) and 9007.

## INTRODUCTION

5. On February 4, 2011 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Court").

6. The Debtors remain in possession of their assets and continue to operate their businesses as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

7. On March 4, 2011, the U.S. Trustee appointed an Unsecured Creditors Committee (the "Committee").

8. The Debtors are Illinois not-for-profit corporations that currently own and operate a senior living facility in Illinois. VibrantLiving Communities & Services is the parent corporation of the Debtors and the sole corporate member of Fairview Ministries.

9. Fairview Ministries, Fairview Baptist Home, and Fairview Village currently operate the Downers Grove Campus in Downers Grove. On June 21, 2011, the Court authorized the Debtors to sell the Downers Grove Campus and assume and assign certain executory contracts and unexpired leases to Lifespace DG, LLC [Dkt. 308] but that sale has not closed as of the filing date of this Motion.

10. Fairview Rockford formerly operated the Rockford Campus, an assisted living facility for senior adults in Rockford, Illinois known as "Crimson Pointe." On April 14, 2011, the Court entered an order authorizing the Debtors to sell Crimson Pointe and assume and assign certain executory contracts and unexpired leases [Dkt. 232]. On May 2, 2011, the sale of Crimson Pointe closed.

## RELIEF REQUESTED

11. By this Motion, the Debtors request entry of an order (a) setting August 15, 2011 (the "Administrative Bar Date") as the last day to file requests for allowance and payment of administrative expenses arising on or before July 31, 2011 pursuant to Sections 503(b) and 507(a)(2) of the Bankruptcy Code, including prepetition claims entitled to priority under Section 503(b)(9), (b) setting August 22, 2011 (the "Professional Bar Date," and together with the Administrative Bar Date, the "Bar Dates") as the last day for all professionals' to file applications for final approval of compensation and reimbursement under Section 330(a), and (c) approving the form and manner of notice of the Bar Dates.

### The Bar Dates

12. Although the Bankruptcy Code does not set any specific date by which requests for allowance and payment of administrative expenses must be asserted, it does require that all administrative expense requests be made on a "timely" basis. *See* 11 U.S.C. § 503(a). Similarly, Bankruptcy Rule 3003(c)(3) states "[t]he court shall fix … the time within which proofs of claim or interest may be filed." Further, Section 105(a) of the Bankruptcy Code permits the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

19977071-3                            3

13.    The circumstances of this case justify setting the Bar Dates as requested in this Motion. The Debtors anticipate that closing of the sale of the Downers Grove Campus will occur before July 31, 2011, that the Debtors business operations will largely cease thereafter as a result of the sale of substantially all of their assets. In order to accurately determine the amount, nature, and validity of administrative expense requests that may be asserted against their bankruptcy estates, the Debtors require the establishment of the Bar Dates.

14.    For the avoidance of doubt, the Debtors request that the Administrative Bar Date apply to prepetition claims entitled to priority under Section 503(b)(9) and that the Professional Bar Date apply to all professionals' applications for final approval of compensation and reimbursement under Section 330(a).

## Form and Manner of Notice of the Bar Dates

15.    The Debtors have prepared a written notice of the Bar Dates (the "Bar Dates Notice"), a copy of which is attached to this Motion as **Exhibit A**.

16.    The Debtors intend to serve the Bar Dates Notice on (a) the United States Trustee; (b) all parties requesting notice pursuant to Bankruptcy Rule 2002; (c) all known entities holding potential administrative expenses against one or more of the Debtors; and (d) all professionals employed in these chapter 11 cases.

17.    As soon as practicable after the entry of an order granting the relief requested in this Motion, but in no event later than two (2) business days after entry of the order, the Debtors will serve the Bar Dates Notice by first class U.S. mail, postage prepaid. All entities will receive approximately twenty-four days' notice of the Administrative Bar Date and approximately twenty-nine days' notice of the Professional Bar Date. *See* Bankruptcy Rule 2002(a)(7)

(requiring only twenty-one days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c)(3)).

18.     The Debtors will also make the Bar Dates Notice available, free of charge to view and download, on the website hosted by The Garden City Group, Inc. ("GCG"), the Court-approved claims and noticing agent in these chapter 11 cases.

19.     The Debtor reserves the right to object to any request, whether filed or not, on any and all grounds.

### Effect of Failure to File Before the Bar Dates

20.     To the extent that any request for allowance and payment of administrative expenses has not been filed before the respective Bar Dates – with the exception of seasonably filed supplements to professionals' applications for final approval of compensation and reimbursement – the Debtors request that such requests be forever barred and disallowed.

### NOTICE

21.     The Debtors have provided notice of this Motion to (a) the Office of the United States Trustee; (b) the Debtors' secured creditors; (c) Neal Wolf & Associates, LLC, counsel to the Creditors' Committee; (d) Mintz Levin Cohn Ferris Glovsky and Popeo, PC, counsel to Wells Fargo Bank, National Association, in its capacity as Master Trustee under that certain Master Indenture dated as of January 1, 2008; (e) Winston & Strawn LLP, counsel to secured lender Bank of America, N.A.; (f) Holland & Knight LLP, counsel to secured lender Hinsdale Bank and Trust Company; (g) those persons who have formally appeared and requested service in these proceedings pursuant to Bankruptcy Rule 2002. In light of the relief requested, the Debtors request that the Court find that the notice provided for herein as sufficient and waive and dispense with any further notice requirements.

19977071-3                                     5

WHEREFORE, the Debtors respectfully request that the Court enter an order: (i) setting August 15, 2011 as the Administrative Bar Date for all requests for allowance and payment of administrative expenses arising on or before July 31, 2011 pursuant to Sections 503(b) and 507(a)(2) of the Bankruptcy Code, including prepetition claims entitled to priority under Section 503(b)(9), (ii) setting August 22, 2011 as the Professional Bar Date for all professionals' applications for final approval of compensation and reimbursement under Section 330(a), (iii) approving the form and manner of service of the Bar Dates Notice; (iv) barring and disallowing any request for allowance and payment of administrative expenses that has not been filed before the respective Bar Dates with the exception of seasonably filed supplements to professionals' applications for final approval of compensation and reimbursement; and (v) granting such other relief as the Court deems just and proper.

Dated: July 15, 2011

Respectfully Submitted,

FAIRVIEW MINISTRIES, INC., *et al.*

by:  /s/ George R. Mesires
Donald L. Schwartz (# 2522861)
George R. Mesires (# 6276952)
Patrick F. Ross (# 6296461)
Ungaretti & Harris LLP
70 W. Madison Street, Suite 3500
Chicago, IL 60602
(312) 977-4400 – phone
(312) 977-4405 – fax
Email: dlschwartz@uhlaw.com
    grmesires@uhlaw.com
    pfross@uhlaw.com

*Counsel for the Debtors and Debtors in Possession*