**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 11-4386 |
| | ) | |
| FAIRVIEW MINISTRIES, INC., *et al.*,[1] | ) | Hon. Susan Pierson Sonderby |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Hearing Date: September 27, 2011 |
| | ) | Hearing Time: 10:30 a.m. |

**FINAL APPLICATION OF SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP AND ITS AFFILIATED LAW PRACTICE
ENTITIES, SPECIAL COUNSEL TO THE DEBTORS, SEEKING ALLOWANCE AND
PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF CHARGES
<u>AND DISBURSEMENTS</u>**

| | |
|---|---|
| Name of Applicant: | Skadden, Arps, Slate, Meagher & Flom LLP |
| Authorized to Provide Professional Services to: | Fairview Ministries, Inc., et al. |
| Date of Retention Order: | March 15, 2011 |
| Period for Which Compensation and Reimbursement Sought: | February 4, 2011 through August 22, 2011 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for Case Period: | Professional Fees:          $30,026<br>Expense Reimbursement:   $1,158<br>Total:                              $31,184 |
| This is an/(a): | ___Interim Application   _X_ Final Application |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Fairview Ministries, Inc. (2067), Fairview Village (2068), Fairview Baptist Home, d/b/a Fairview Center for Health & Wellness (9812), Fairview Residence of Rockford, d/b/a Crimson Pointe (8394), and VibrantLiving Communities & Services (1604).

## INTERIM FEE APPLICATIONS

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| June 16, 2011 (Docket No. 292) | February 4, 2011 – May 15, 2011 | $31,382 | $31,184 | $31,184 |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 11-4386 |
| | ) | |
| FAIRVIEW MINISTRIES, INC., *et al.*,[2] | ) | Hon. Susan Pierson Sonderby |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Hearing Date: September 27, 2011 |
| | ) | Hearing Time: 10:30 a.m. |

**FINAL APPLICATION OF SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP AND ITS AFFILIATED LAW PRACTICE
ENTITIES, SPECIAL COUNSEL TO THE DEBTORS, SEEKING ALLOWANCE AND
PAYMENT OF COMPENSATION AND REIMBURSEMENT OF CHARGES AND
DISBURSEMENTS**

Skadden, Arps, Slate, Meagher & Flom LLP and its affiliated law practice entities ("Skadden" or the "Applicant") hereby requests that the Court enter the proposed order, attached hereto as Exhibit A (the "Proposed Order"), approving this Final Fee Application of Skadden, Arps, Slate, Meagher & Flom LLP and its Affiliated Law Practice Entities, Special Counsel for the Debtors, Seeking Final Allowance and Payment of Compensation and Reimbursement of Charges and Disbursements (the "Final Application"), pursuant to 11 U.S.C. §§ 327, 328, 330 and 331 and Rules 2002 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for legal services rendered by Skadden on behalf of Fairview Ministries, Inc. ("Fairview Ministries"), and its affiliated debtors and debtors-in-possession (collectively with Fairview Ministries, the "Debtors") from February 4, 2011 through August 22, 2011 (the "Case Period").

---

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Fairview Ministries, Inc. (2067), Fairview Village (2068), Fairview Baptist Home, d/b/a Fairview Center for

*(cont'd)*

3

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested herein are Sections 327, 328, 330 and 331 of the Bankruptcy Code and Bankruptcy Rules 2002 and 2016.

## INTRODUCTION

3. On February 4, 2011 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C.§§ 101-1532, (as amended, the "Bankruptcy Code") in the Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Court").

4. The Debtors remain in possession of their assets and continue to operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On March 4, 2011, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Creditors' Committee"). No trustee or examiner has been appointed.

## BACKGROUND

6. The Debtors are Illinois not-for-profit corporations that owned and operated two senior living campuses in Illinois (each a "Campus"). VibrantLiving Communities

---

*(cont'd from previous page)*
    Health & Wellness (9812), Fairview Residence of Rockford, d/b/a Crimson Pointe (8394), and VibrantLiving
    Communities & Services (1604).

& Services is the parent corporation of the Debtors and the sole corporate member of Fairview Ministries.

7. Fairview Rockford formerly operated the Rockford Campus, an assisted living facility for senior adults in Rockford, Illinois known as "Crimson Pointe." On April 14, 2011, the Court entered an order authorizing the Debtors to sell Crimson Pointe and assume and assign certain executory contracts and unexpired leases (Docket No. 232). On May 2, 2011, the sale of Crimson Pointe closed.

8. Fairview Ministries, Fairview Baptist Home, and Fairview Village previously operated the Downers Grove Campus in Downers Grove, Illinois. On June 21, 2011, the Court authorized the Debtors to sell the Downers Grove Campus and assume and assign certain executory contracts and unexpired leases to Lifespace DG, LLC, an affiliate of Lifespace Communities, Inc., an owner and operator of 12 senior living facilities (including the Downers Grove Campus) (Docket No. 308). On August 1, 2011, the sale of the Downers Grove Campus closed.

9. This Final Application is further supported by the Declaration of James E. Nugent in Support of the Debtors' First Day Motions (Docket No. 15), which provides an overview of the Debtors' corporate structure and business operations and the circumstances leading to the commencement of these chapter 11 cases.

**RETENTION OF SKADDEN**

10. On February 17, 2011, the Debtors applied to the Court for an Order Under Bankruptcy Code Sections 327(e), 328(a) and 330 and Bankruptcy Rules 2014 and 2016 Authorizing Employment and Retention of Skadden, Arps, Slate, Meagher & Flom LLP and Affiliated Law Practice Entities as Special Counsel for the Debtors and Debtors-in-Possession (the "Retention Application") to perform legal services under a general retainer. More

particularly, the Debtors retained Skadden to advise the Debtors and to coordinate with the Debtors' other counsel as to resident refund matters and other agreements with parties in interest, including issues in connection with the sale of substantially all of the Debtors' assets, to ascertain the affect those other agreements and sale issues may have on resident refund matters.

11. On March 15, 2011, this Court entered an Order Under 11 U.S.C. §§ 327(e), 328(a) and 330 Authorizing Debtors to Employ Skadden, Arps, Slate, Meagher & Flom LLP and its Affiliated Law Practice Entities as Special Counsel for the Debtors-in-Possession (Docket No. 155) (the "Retention Order")[3] authorizing the Debtors to employ Skadden as its special counsel under the terms set forth in the Retention Application.

12. In the Retention Application, the Debtors disclosed that Skadden's fees for professional services are based in part on its guideline hourly rates, which are periodically adjusted. The Debtors also disclosed in the Retention Application that Skadden's charges and disbursements are invoiced pursuant to Skadden's Policy Statement Concerning Charges and Disbursements, a copy of which is attached to the Engagement Agreement. Certain charges and disbursements are not separately charged under the bundled rate structure as described in the Retention Application.

13. Other than an arrangement between Skadden, Arps, Slate, Meagher & Flom and its affiliated law practices and their members, there is no agreement or understanding between Skadden and any person for the sharing of compensation to be received for services rendered in this case.

---

[3] A copy of the Retention Order and the Retention Application including the supporting declaration can be found at Docket Nos. 155 and 75 respectively, and are incorporated herein as though fully set forth. In addition, the Retention Application incorporates the terms of an engagement agreement dated January 27, 2011, between Skadden and the Debtors (the "Engagement Agreement"), a copy of which is attached as an exhibit to the Retention Application.

6

**FEE PROCEDURES**

14.     Under the Retention Order, Skadden is to be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules and Local Rules as may then be applicable, from time to time, and by such procedures as may be set by the Court.

**RELIEF REQUESTED**

15.     Skadden submits this Final Application covering the Case Period.  By this Final Application, Skadden is requesting final allowance and payment of $30,026 in Fees and reimbursement of $1,158 in Charges and Disbursements that the Court approved in connection with the First Interim Fee Application of Skadden, Arps, Slate, Meagher & Flom LLP and its Affiliated Law Practice Entities, Special Counsel for the Debtors, Seeking Allowance and Payment of Interim Compensation and Reimbursement of Charges and Disbursements (the "First Interim Application").  The First Interim Application was filed on June 16, 2011 (Docket No. 293).

16.     On July 13, 2011, the Court entered its order approving the Fees and Charges and Disbursements requested in the First Interim Application (Docket No. 325).[4] Skadden has not billed the Debtors for any additional Fees or Charges and Disbursements that were not already included in the First Interim Application.  The time detail in support of the Fees and Charges and Disbursements is attached to the First Interim Application.  The First Interim Application is attached hereto as <u>Exhibit B</u>, and is incorporated by reference as if fully set forth herein.

---

[4]   In its First Interim Application, Skadden sought allowance and payment of Fees in the amount of $30,224. During the hearing on Skadden's First Interim Application, the Court reduced Skadden's Fees by $198. Skadden is seeking final allowance and payment of the Fees as reduced by the Court in the amount of $30,026.

17. The total amount of Fees and Charges and Disbursements sought for the Case Period reflect certain client accommodations. Specifically, based on Skadden's customary billing practices, the Debtors ordinarily would be billed a total of $75,249 for Fees and $1,222 for Charges and Disbursements. In keeping with Skadden's commitment to self-policing its fees, and expenses, however, Skadden voluntarily reduced its Fees by $45,025 and reduced its Charges and Disbursements by $64.

18. Additionally, as set forth in the Declaration of Felicia Gerber Perlman filed in support of the Retention Application (Docket No. 75), Skadden received a retainer of $100,000 to be applied against anticipated professional services and expenses charged by Skadden (the "Initial Retainer"). Prior to the filing of the Debtors' chapter 11 cases, Skadden invoiced the Debtors $60,292, for professional fees and expenses. This amount was paid from the Initial Retainer. In addition, on February 1, 2011, Skadden received a supplement to the Initial Retainer (the "Subsequent Retainer"), which Subsequent Retainer replenished the amount of the Initial Retainer.

19. Prior to the Petition Date, Skadden drew the full amount remaining of the Initial Retainer and the Subsequent Retainer to pay for estimated fees and expenses incurred prior to and up to the Petition Date but that were unable to be billed specifically because such amounts had not yet been processed through Skadden's billing system. Skadden issued a final billing statement (the "<u>Final Billing Statement</u>") for actual fees, charges, and disbursements for the period prior to the Petition Date once all fees, charges, and disbursements accrued prior to the filing were finally posted (the "<u>Final Billed Amount</u>"). To the extent that the amounts paid to Skadden (including via the draws on the Initial Retainer and the Subsequent Retainer) exceeded the Final Billed Amount, such excess payment were returned to the retainer account and held by

Skadden (the "Final Retainer") to pay any fees, charges and disbursements which remain unpaid at the end of the reorganization cases. As of this date, Skadden is holding a Final Retainer in the amount of $60,975, which Skadden will return to the Debtors' estates.

**REQUEST TO APPROVE LIMITED NOTICE**

20.     Skadden has provided copies of this Final Application to (a) the Office of the United States Trustee; (b) the Debtors' secured creditors; (c) Neal Wolf & Associates, LLC, counsel to the Creditors' Committee; (d) Mintz Levin Cohn Ferris Glovsky and Popeo, PC, counsel to Wells Fargo Bank, National Association, in its capacity as Master Trustee under that certain Master Indenture dated as of January 1, 2008; (e) Winston & Strawn LLP, counsel to secured lender Bank of America, N.A.; (f) Holland & Knight LLP, counsel to secured lender Hinsdale Bank and Trust Company; (g) those persons who have formally appeared and requested service in these proceedings pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

21.     Additionally, Garden City Group, the Debtors' notice, claims, and balloting agent, has served on all creditors and parties in interest by first class mail a detailed notice of hearing on this Final Application that identifies the applicant and the amounts requested and provides instructions on requesting a hard copy and/or accessing an electronic copy via the free case management website maintained by Garden City Group.

22.     Skadden requests that the Court excuse the notice requirement of Bankruptcy Rule 2002(a)(6) and approve the limited notice of the Final Application as sufficient and appropriate under the circumstances. Limited notice of the Final Application is sufficient in light of the expense to the Debtors' bankruptcy estate of individually serving approximately 3,600 creditors and parties in interest with the entire Final Application (estimated cost: $17,000) and the lack of an offsetting benefit given that the Notice Parties, including the United States

9

Trustee and the Creditors' Committee, will receive copies of this Final Application. Further, the detailed notice of hearing provides all creditors with instructions on how to request a hard copy or retrieve an electronic copy of this Final Application free of charge.

WHEREFORE, Skadden respectfully requests that the Court (a) enter an order, substantially in the form of Exhibit A, permitting final allowance and payment for services rendered incurred during the Case Period, from February 4, 2011 through August 22, 2011, in the amount of $30,026 as reasonable compensation for 39.1 hours of actual, necessary legal services rendered to the Debtors between February 4, 2011 and August 22, 2011; (b) allowing and approving Skadden's Charges and Disbursements in the amount of $1,158 as actual, necessary expenses incurred in connection with the legal services rendered to the Debtors between; and (c) grant it such other and further relief as is just and equitable under the circumstances.

Dated: Chicago, Illinois
August 22, 2011

/s/ Felicia Gerber Perlman
Felicia Gerber Perlman (ARDC No. 06210753)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois  60606
(312) 407-0700

Special Counsel for the Debtors and Debtors-in-Possession