# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 11-04386 |
| | ) | |
| FAIRVIEW MINISTRIES, INC., *et al.*,[1] | ) | Hon. Susan Pierson Sonderby |
| | ) | |
| | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Hearing Date: September 27, 2011 |
| | ) | Hearing Time: 10:30 a.m. |

**COVER SHEET FOR SECOND AND FINAL APPLICATION
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES OF JONES DAY, DEBTORS' SPECIAL BOND COUNSEL**

Name of Applicant:  Jones Day

Authorized to Provide
Professional Services to:  The above-captioned debtors and debtors in possession

Date of Retention:  March 8, 2011 (*nunc pro tunc* to February 4, 2011)

Period for Which Compensation
and Reimbursement Is Sought:  June 1, 2011 through August 22, 2011

Amount of Compensation Requested:  $7,625.00 for the Compensation Period and $102,710.00 for the First Interim Period

Amount of Expense Reimbursement
Requested:  None for the Compensation Period and $32.14 for the First Interim Period

This is a(n): ____ monthly    ____ interim    __X__ final application

**PRIOR FEE APPLICATIONS FILED ON BEHALF OF JONES DAY**

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| 6/16/11 (Dkt No 295) | 2/4/11 – 5/31/11 | $102,742.14 | $102,742.14 | $102,742.14 |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are VibrantLiving Communities & Services (1604), Fairview Ministries, Inc. (2067), Fairview Village (2068), Fairview Baptist Home, d/b/a Fairview Center for Health & Wellness (9812), and Fairview Residence of Rockford, d/b/a Crimson Pointe (8394).

CHI-1815098v3

**PROFESSIONAL SERVICES RENDERED**
**BY JONES DAY ON BEHALF OF THE DEBTORS**
**JUNE 1, 2011 THROUGH AUGUST 22, 2011**

| NAME OF PROFESSIONAL | YEAR ADMITTED | DEPT. | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| **PARTNERS & COUNSEL:** | | | | | |
| Bibby Jr., J F | 1989 | HC | $625.00 | 1.80 | $1,125.00 |
| Roberts, V P | 1982 | T | $800.00 | 2.50 | $2,000.00 |
| **Total Partners & Counsel** | | | | **4.30** | **$3,125.00** |

| NAME OF PROFESSIONAL | YEAR ADMITTED | DEPT. | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| **ASSOCIATES:** | | | | | |
| Tiller, J M | 2006 | B | $500.00 | 4.00 | 2,000.00 |
| **Total Associates** | | | | **4.00** | **$2,000.00** |

| NAME OF PROFESSIONAL | YEAR ADMITTED | DEPT. | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| **STAFF ATTORNEYS, PARAPROFESSIONALS AND LEGAL SUPPORT:** | | | | | |
| Denton, A K | N/A | B | $250.00 | 10.00 | $2,500.00 |
| **Total Associates** | | | | **10.00** | **$2,500.00** |

| PROFESSIONALS | BLENDED RATE | TOTAL HOURS | TOTAL COMPENSATION |
|---|---|---|---|
| Partners & Counsel | $726.74 | **4.30** | **$3,125.00** |
| Associates | $500.00 | **4.00** | **$2,000.00** |
| Staff Attorneys, Paraprofessionals and Legal Support | $250.00 | **10.00** | **$2,500.00** |
| **Grand Total** | | **18.30** | **$7,625.00** |

HC = Health Care; B = Business Restructuring and Reorganization; T = Tax

CHI-1815098v3

2

# SUMMARY OF SERVICES BY CASE MATTER FOR
# SERVICES RENDERED BY JONES DAY ON BEHALF
# OF THE DEBTORS JUNE 1, 2011 THROUGH AUGUST 22, 2011

| MATTER NAME | HOURS | AMOUNT |
| --- | ---: | ---: |
| Bond Counsel Advice | 18.30 | $7,625.00 |
| **Total** | **18.30** | **$7,625.00** |

**ACTUAL AND NECESSARY DISBURSEMENTS
INCURRED BY JONES DAY ON BEHALF OF THE
DEBTORS JUNE 1, 2011 THROUGH AUGUST 22, 2011**

| DISBURSEMENT | AMOUNT |
|---|---|
| None | None |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Hon. Susan Pierson Sonderby |
| | ) | |
| FAIRVIEW MINISTRIES, INC., *et al.*,[1] | ) | Case No. 11-04386 |
| | ) | |
| | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Hearing Date: September 27, 2011 |
| | ) | Hearing Time: 10:30 a.m. |

**SECOND AND FINAL APPLICATION FOR ALLOWANCE
AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES OF JONES DAY, DEBTORS' SPECIAL BOND COUNSEL**

Jones Day, special bond counsel to the above-captioned debtors (collectively, the "Debtors"), pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Rule 5082-1 of the Local Bankruptcy Rules, hereby makes its second and final application for final approval and allowance of compensation of $7,625.00 for the period from June 1, 2011 through August 22, 2011 (the "Compensation Period").  Jones Day further applies for final allowance of fees in the amount of $102,710.00 and expenses in the amount of $32.14 that the Court approved for the period February 4, 2011 through and including May 31, 2011 (the "First Interim Period").  In support of this Application, Jones Day respectfully represents as follows:

1. Jones Day attorneys and paraprofessionals expended a total of 18.30 hours during the Compensation Period for which compensation is requested.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are VibrantLiving Communities & Services (1604), Fairview Ministries, Inc. (2067), Fairview Village (2068), Fairview Baptist Home, d/b/a Fairview Center for Health & Wellness (9812), and Fairview Residence of Rockford, d/b/a Crimson Pointe (8394).

1

2. During the Compensation Period, Jones Day has received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between Jones Day and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these cases.

3. The fees charged by Jones Day in these cases are billed in accordance with the firm's existing billing rates and procedures in effect during the Compensation Period. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive national legal market.[2]

4. Pursuant to Local Rule 5082-1, attached hereto are (i) a schedule setting forth all Jones Day professionals and paraprofessionals who have performed services in these chapter 11 cases during the Compensation Period, the capacities in which each individual is employed by Jones Day, the department in which each individual practices, the hourly billing rate charged by Jones Day for the services performed by such individual, the aggregate number of hours expended in these cases and fees billed therefore and the year in which each professional was first licensed to practice law; (ii) a summary of services by case matter for services rendered by Jones Day during the Compensation Period; and (iii) a schedule setting forth the actual and necessary disbursements that Jones Day incurred during the Compensation Period in connection with the performance of professional services for the Debtors, and for which it seeks reimbursement.

---

[2] Consistent with its own internal policies and to comply with the "reasonableness" requirements of Section 330 of the Bankruptcy Code, Jones Day has reviewed its monthly service descriptions and expense detail and has determined that certain fees should not be charged to the Debtors. This Application reflects a reduction of $7,522.03 in fees and expenses sought by Jones Day.

2

5. Jones Day's itemized time records for professionals and paraprofessionals performing services for the Debtors during the Compensation Period are set forth in Exhibit A.

6. This Application complies with sections 330 and 331 of title 11 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the Executive Office of the United States Trustee for Reviewing Applications for Compensation and Reimbursement of Expenses (the "Guidelines"), and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

## JURISDICTION AND VENUE

7. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This Application is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested in this Application are Bankruptcy Code sections 330 and 331 and Bankruptcy Rule 2016(a).

## BACKGROUND

8. On February 4, 2011 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Northern District of Illinois, Eastern Division.

9. The Debtors remain in possession of their assets and continue to operate their businesses as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

10. On March 4, 2011, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Creditors' Committee").

11. On February 17, 2011, the Debtors filed their Application to Employ Jones Day as Special Counsel [Docket No. 76] (the "Retention Application"), by which the Debtors sought authority to retain and employ Jones Day as their special counsel in these chapter 11 cases in connection with certain bond-related matters. By order dated March 8, 2011 [Docket No. 138] (the "Retention Order"), the Retention Application was granted *nunc pro tunc* to the Petition Date.

12. On June 16, 2011, Jones Day filed its First Application for Allowance and Payment of Compensation and Reimbursement of Expenses of Jones Day, Debtors' Special Bond Counsel [Docket No. 295] (the "First Fee Application") for the First Interim Period, which was granted by Order of the Court [Docket No. 326] on July 13, 2011. This Final Application, in addition to seeking final allowance and payment of fees incurred during the Compensation Period, seeks final allowance of the fees and expenses sought in the First Fee Application.

## SUMMARY OF SERVICES

13. Attached hereto as Exhibit A is a detailed statement of fees incurred during the Compensation Period, showing the amount of $7,625.00 due for fees. The services rendered by Jones Day during the Compensation Period are set forth in Exhibit A. The attorneys and paralegals that rendered services relating to the Debtors are identified, along with the number of hours for each individual and the total compensation sought.

14. The following is a summary of the activities performed by Jones Day professionals and paraprofessionals during the Compensation Period.[3]

---

[3] The summary set forth below is qualified in its entirety by reference to the time and services detail attached hereto as Exhibit A.

4

**Bond Counsel Advice – 18.30 hours - $7,625.00**

15. During the Compensation Period, Jones Day professionals and paraprofessionals devoted time and effort to various bond-related matters in their role as Special Counsel to the Debtors, including, without limitation: (a) researching, reviewing and revising the Information Return form for tax-exempt bond issuances; (b) drafting, revising and filing the First Fee Application that was filed on June 16, 2011 [Docket No. 295]; and (c) attending a court hearing regarding the First Fee Application.

## CONCLUSION

16. The fees requested herein by Jones Day are billed in accordance with its existing billing rates and procedures in effect during the Compensation Period. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive national legal market

17. No agreement or understanding exists between Jones Day or any third person for the sharing of compensation, except as allowed by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016 with respect to the sharing of compensation between and among partners of Jones Day.

18. All of the services for which compensation is requested hereunder were rendered at the request of and solely on behalf of the Debtors, and not on behalf of any other entity.

## REQUEST TO APPROVE LIMITED NOTICE

19. Jones Day has provided copies of this Application, via the CM/ECF system to (a) the Office of the United States Trustee; (b) the Debtors' secured creditors; (c) Neal Wolf & Associates, LLC, counsel to the Creditors' Committee; (d) Mintz Levin Cohn Ferris Glovsky and Popeo, PC, counsel to Wells Fargo Bank, National Association, in its capacity as

Master Trustee under that certain Master Indenture dated as of January 1, 2008; (e) Winston & Strawn LLP, counsel to secured lender Bank of America, N.A.; (f) Holland & Knight LLP, counsel to secured lender Hinsdale Bank and Trust Company; (g) those persons who have formally appeared and requested service in these proceedings pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

20. Additionally, Garden City Group, the Debtors' notice, claims, and balloting agent, has served on all creditors and parties in interest by first class mail a detailed notice of hearing on this Application that identifies the applicant and the amounts requested and provides instructions on requesting a hard copy and/or accessing an electronic copy via the free case management website maintained by Garden City Group.

21. Jones Day requests that the Court excuse the notice requirement of Bankruptcy Rule 2002(a)(6) and approve the limited notice of the Application as sufficient and appropriate under the circumstances. Limited notice of the Application is sufficient in light of the expense to the Debtors' bankruptcy estate of individually serving approximately 3,600 creditors and parties in interest with the entire Application and the lack of an offsetting benefit given that the Notice Parties, including the United States Trustee and the Creditors' Committee, will receive copies of this Application.  Further, the detailed notice of hearing provides all creditors with instructions on how to request a hard copy or retrieve an electronic copy of this Second and Final Application free of charge.

WHEREFORE, Jones Day respectfully requests that the Court: (i) allow on a final basis compensation of $7,625.00 for services rendered in connection with these chapter 11 cases during the Compensation Period; (ii) authorize the Debtors to pay to Jones Day fees for the Compensation Period in the amount of $7,625.00; (iii) allow on a final basis compensation in the amount of $102,710.00 and expenses in the amount of $32.14 for services rendered during the First Interim Period; (iv) approve the limited notice of the Application as sufficient and appropriate under the circumstances; and (v) grant such other and further relief as the Court may deem proper.

Dated: August 22, 2011
Chicago, Illinois

Respectfully submitted,

*/s/ Joseph M. Tiller*
John F. Bibby, Jr. (IL Bar No. 6200901)
Joseph M. Tiller (IL Bar No. 6292029)
Jones Day
77 West Wacker
Chicago, Illinois 60601
Telephone: 312-269-4240
Facsimile: 312-782-8585

ATTORNEYS FOR DEBTORS