IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 11-04386 |
| | ) | |
| FAIRVIEW MINISTRIES, INC., *et al.*,[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | Chapter 7 |
| Debtors. | ) | |
| | ) | Hearing Date: _____, 2015 |
| | ) | Hearing Time: _____ |

## SECOND INTERIM AND FINAL APPLICATION OF COHNREZNICK LLP (f/k/a J.H. COHN LLP) FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS FORENSIC ACCOUNTANTS TO THE CHAPTER 7 TRUSTEE FOR THE PERIOD FROM APRIL 1, 2013 THROUGH MAY 31, 2015

| | |
|---|---|
| Name of Applicant: | CohnReznick LLP (f/k/a J.H. Cohn LLP) |
| Authorized to Provide Professional Services to: | David R. Brown, Chapter 7 Trustee |
| Date of Retention: | February 15, 2012 [Docket # 489] |
| Period for which compensation and reimbursement is sought: | April 1, 2013 through May 31, 2015 |
| Amount of compensation sought as actual, reasonable and necessary: | $ 8,891.00 [2] |
| Amount of expense reimbursement Sought as actual, reasonable and necessary: | $ 6,945.00 |
| This is a:  Interim Application: ___ | Final Application: X |

If this is not the first application filed, disclose the following for each prior application –

**Applicant has previously applied for interim compensation in the amount of $114,748 and cost reimbursement in the amount of $9,409.05. By order of August 21, 2013, Applicant was awarded, and has been paid interim compensation of $108,746.00 and expense reimbursement of $9,409.05.**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Fairview Ministries, Inc. (2067), Fairview Village (2068), Fairview Baptist Home, d/b/a Fairview Center for Health & Wellness (9812), Fairview Residence of Rockford, d/b/a Crimson Pointe (8394), and VibrantLiving Communities & Services (1604).

[2] CohnReznick also seeks approval of $5,667.00 in fees that were reduced from its First Interim Application.

Dated: August 4, 2015

                              COHNREZNICK LLP
                              Forensic Accountants to the Trustee

                              */s/ Chad J. Shandler*
                              _____
                              Chad J. Shandler, Partner
                              CohnReznick LLP
                              1212 Avenue of the Americas
                              New York, NY 10036
                              212-297-0400

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 11-04386 |
| | ) | |
| FAIRVIEW MINISTRIES, INC., et al.,[1] | ) | (Jointly Administered) |
| | ) | Hon. Timothy A. Barnes |
| | ) | Chapter 7 |
| Debtors. | ) | |
| | ) | |
| | ) | |

## SECOND INTERIM AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF COHNREZNICK LLP (f/k/a J.H. COHN LLP) AS FORENSIC ACCOUNTANTS FOR THE CHAPTER 7 TRUSTEE

CohnReznick LLP (formerly known as J.H. Cohn LLP) ("Applicant" or "CR"), forensic accountants for David R. Brown, Chapter 7 Trustee (the "Trustee") in the above-captioned cases, pursuant to Sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 5082-1 of the Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), hereby requests the entry of an order allowing and disbursing compensation and reimbursement of expenses to CR (the "Final Application").

In its Final Application, CR requests: (a) the allowance and approval of CR's forensic accounting fees in the amount of $8,891.00 as reasonable compensation for 18.60 hours of actual, necessary forensic accounting services rendered to the Trustee between April 1, 2013 and May 31, 2015 (the "Final Application Period"): (b) the allowance and approval of CR's out of pocket costs in the amount of $6,077.00 as actual, necessary expenses incurred in connection with the forensic accounting services rendered to the Trustee during the Final Application Period;

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Fairview Ministries, Inc. (2067), Fairview Village (2068), Fairview Baptist Home, d/b/a Fairview Center for Health & Wellness (9812), Fairview Residence of Rockford, d/b/a Crimson Pointe (8394), and Vibrant Living Communities & Services (1604).

(c) allowance and approval of CR's fees reduced from its First Interim Application by reason of insufficient description in the amount of $5,667.00[2]; and, (d) authorization and direction to the Trustee to pay to CR the sum of $20,635.00.

CR also requests the allowance and approval of CR's estimated fees not to exceed $2,000.00 in connection with obtaining the approvals of this Final Application and allowance and approval of CR's out of pocket costs in an amount not to exceed $868.00, subject to the submission of time and expense detail to the Trustee in support of same. In support of its Final Application, CR states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the matters raised in this Final Application pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (M).

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested herein are Sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a), and Local Rule 5082-1.

## INTRODUCTION

5. On February 4, 2011 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Court").

6. On September 27, 2011, Judge Sonderby entered an order converting the cases from Chapter 11 to Chapter 7 of the Bankruptcy Code. An *Order Converting Cases Under Chapter 11 to Cases Under Chapter 7 Effective at 11:59 p.m. on September 30, 2011* was entered on September 29, 2011 [Docket #461].

7. On September 28, 2011, the Office of the United States Trustee appointed David R. Brown as trustee. [Docket #454]. Mr. Brown continues to serve in such capacity.

---

[2] *See* Docket 543 dated 8/21/13, *Findings of Fact and Conclusions of Law in Support of Order Granting application for Compensation.* ¶ 2.

## BACKGROUND

### The Trustee's Employment of CR

8. On February 9, 2012, the Trustee filed a *Notice of Motion To Employ Forensic Accountants* [Dkt. 487] (the "Employment Application"). As stated in the Employment Application, the Trustee has employed CR to provide forensic accounting services in these bankruptcy cases. *See* Employment Application ¶ 7-8. The Trustee agreed to compensate CR on an hourly basis based on CR's standard restructuring rates. *See Affidavit of Chad J. Shandler* ¶ 9.

9. On February 15, 2012, the Court entered its *Order Authorizing Trustee to Employ Forensic Accountants* [Dkt. 489] (the "Employment Order"), which authorized the Trustee to employ J.H. Cohn LLP (now known as CohnReznick) as his forensic accountants.

### FORENSIC ACCOUNTING PERFORMED BY CR

10. By this Final Application, CR seeks the entry of an Order (a) allowing and approving CR's professional fees in the amount of $8,891.00 as reasonable compensation for 18.60 hours of actual, necessary forensic accounting services rendered to the Trustee during the Final Application Period; (b) allowing and approving CR's out of pocket costs in the amount of $6,077.00 as actual, necessary expenses incurred in connection with the forensic accounting services performed during the Final Application Period; and, (c) allowance and approval of CR's fees reduced from its First Interim Application by reason of insufficient description in the amount of $5,667.00. CR also seeks approval of CR's estimated fees not to exceed $2,000.00 in connection with obtaining the approvals of this Final Application and estimated out of pocket costs in an amount not to exceed $868.00, subject to submission to the Trustee of support for same.

11. Itemized and detailed descriptions of the specific forensic accounting services rendered and out of pocket expenses incurred by CR are reflected on Exhibits A, B, C, D and E, attached to this Final Application and incorporated by reference.

12. As required by Local Rule 5082-1(B) and (C), CR provides the following Narrative Summary and Detailed Statement of Services.

## NARRATIVE SUMMARY
### *(LOCAL RULE 5082-1(B))*

13. <u>Local Rule 5082-1(B)(1)(a)</u> — During the Final Application Period, CR performed a variety of services on the Trustee's behalf, which were categorized into principal activities and recorded under a series of task codes on the time detail. A summary of CR's task codes and the total compensation requested in connection with each code follows:

| Task | Hours | Fees |
|---|---|---|
| Case administration and fee application(s) | 10.40 | $3,386.00 |
| Litigation Consulting | 8.20 | $5,505.00 |
| **Total:** | **18.60** | **$8,891.00** |

14. <u>Local Rule 5082-1(B)(1)(b)</u> — Narrative summaries of CR's principal activities follow, including details as to individual tasks performed within each activity (as recorded under the various task codes in the Billing Statements):

> (a) <u>(Case administration, including fee applications)</u> — The services under this task code involved preparation of CR's first interim and final fee applications and case administrative issues regarding to data hosting service and fees associated with same. In connection with these services, CR expended approximately 10.40 hours and incurred $3,386.00 in fees.
>
> (b) <u>(Litigation Consulting)</u> — Under this task code, CR held discussions with parties in interest including the Trustee and his counsel and counsel to the Debtors' senior secured lenders regarding mediation and settlement; CR review and provided support for the interrogatories and the mediation brief prepared by the Trustee's counsel; and CR researched and prepared additional analyses regarding intercompany transfer activity as requested by Trustee's

counsel. In connection with these services, CR expended approximately 8.20 hours and incurred $5,505.00 in fees.

15. Local Rule 5082-1(B)(1)(c) — By this Final Application, CR seeks compensation in connection with the preparation of the First and Final Applications.

16. Local Rule 5082-1(B)(1)(d) — A chart listing the name and position of each person with CR who performed work on each task and activity, the approximate hours worked, and the total compensation sought for each person's work on each such separate task and activity is attached as Exhibit C.

17. Local Rule 5082-1(B)(1)(e) — The chart attached as Exhibit A also sets forth the hourly rate for each professional and paraprofessional for whom compensation is requested, with the total number of hours expended by each person and the total compensation sought for each.

18. Local Rule 5082-1(B)(1)(f) — CR has previously sought and been allowed compensation in this case in connection with its First Application. CR requested fees of $114,748.00; CR was allowed fee of $108,746.00 [Docket 543, Order entered 8/21/13]. In this Final Application, CR is requesting approval of $5,667.00 in fees reduced from its First Application. Time entries with expanded time detail are included as Exhibit E.

19. Local Rule 5082-1(B)(1)(g) — CR seeks the reimbursement of expenses totaling $6,077.00. A breakdown of each type of expense is included on Exhibit D. To summarize them here, the expenses incurred by CR related to computer hosting fees billed by a third-party hosting service, Provinet, and paid directly by CR. CR is also requesting approval of expenses not greater than $868.00, representing four months of additional billings prior to closing the case.

20. All of the expenses for which CR seeks reimbursement were actually incurred by CR, were necessary for the proper representation of the Trustee in these cases, and were specifically allocated to these cases. None of the expenses represents general overhead or other expenses unrelated to this case.

21.  <u>Local Rule 5082-1(B)(2)</u> — By this Final Application, CR seeks both the allowance and payment of its requested fees and expenses. The Trustee has indicated to CR that the payment of CR's allowed compensation and the reimbursement of CR's allowed expenses will come from available cash on hand.

## DETAILED STATEMENT OF SERVICES
### *(LOCAL RULE 5082-1(C))*

22.  The Bankruptcy Rules require "[a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate [to] file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed. R. Bankr. P. 2016(a). The Local Rules permit "[t]he applicant's detailed time records [to] constitute the detailed statement required by Fed. R. Bankr. P. 2016(a). Such statement must be divided by task and activity to match those set forth in the narrative description. Each time entry must state: (1) the date the work was performed, (2) the name of the person performing the work, (3) a brief statement of the nature of the work, (4) the time expended on the work in increments of tenth of an hour, and (5) the fee charged for the work described in the entry." Local R. 5082-1(C).

23.  The time detail attached as Exhibit B complies with the requirements of Bankruptcy Rule 2016(a) and Local Rule 5082-1(C) because the time detail is divided by tasks and activities that match the narrative descriptions in this Final Application, and all time entries list the date of the work, name of person performing the work, a brief description of the nature of the work, and the time expended on the work in increments of tenth of an hour.

## BASIS FOR RELIEF

24.  Pursuant to Sections 330 and 331 of the Bankruptcy Code and the generally applicable criteria with respect to time, nature, extent, and value of services performed, all of CR's services are compensable and the compensation requested is fair and reasonable. All of

the professional services performed by CR during the Final Application Period were required for the proper representation of the Trustee in these bankruptcy cases.

25. CR has endeavored to: (a) avoid lumping multiple tasks into a single entry; (b) minimize time spent on interoffice conferences, though at times, such conferences were necessary and unavoidable; and (c) provide detail about each task, such as the subject matter of each telephone conference, correspondence, document review, etc.

26. There has been no duplication of services by partners, staff or paraprofessionals of CR for which compensation is requested herein. In instances where two or more professionals participated in any matter, joint participation was deemed necessary due to the complexity of the problems involved. CR has thoroughly reviewed its billing statements to eliminate any non-compensable interoffice conferences of its professionals. However, CR professionals have been required to conduct a limited number of conferences to provide effective representation to the Trustee as outlined in *In re Adventist Living Ctrs., Inc.*, 137 B.R. 701, 716 (Bankr. N.D. Ill. 1991).

27. From the outset of its retention, professionals at CR were instructed to avoid recording time entries which contained "lumping" as discussed in *In re Pettibone Corp.*, 74 B.R. 293, 302 (Bankr. N.D. Ill. 1987).

28. CR's hourly rates for professionals who performed services for the Trustee during the Final Application Period reflect its standard restructuring rates for cases of this size, complexity, and intensity. The compensation sought by CR in this Final Application is for ordinary and necessary services rendered to the Trustee, and the fees sought are reasonable.

29. CR prepared this Final Application in accordance with the guidelines established by Bankruptcy Rule 2016, Local Rule 5082-1, and this Court. In addition to services provided directly for the benefit of the estate, CR is also entitled to receive compensation for the preparation of this Final Application. *Pettibone*, 74 B.R. at 304.

30. Although the Court has discretion in reviewing a fee petition, it should exercise its discretion with care and fairness in order to promote the goal of inducing competent and capable professionals to practice in the bankruptcy court. *See Pettibone,* 74 B.R. at 306. CR has at all times acted specifically in the best interests of the Trustee and the estates. All services performed by CR and all expenses incurred were reasonable and necessary to accomplish the objectives outlined in its retention documents.

31. CR has not entered into an agreement or understanding of any kind, expressed or implied, with any entity to share in its compensation received or to be received by CR for services rendered in this case.

32. CR has previously had allowed and received interim compensation in the amount of $108,746.00 and expense reimbursement in the amount of $9,409.05.

33. This is CR's Final application for compensation and reimbursement. Accordingly, CR may present this Final Application pursuant to Section 331 of the Bankruptcy Code.

## REQUEST TO APPROVE LIMITED NOTICE

34. In view of the large number of creditors in this case, and the relatively small amount of compensation at issue, as well as the extensive size of the Service List, the Trustee requests that the twenty-one day notice of this application be deemed adequate notice as required by FRBP 2002.

WHEREFORE, CohnReznick LLP respectfully requests that this Court enter an order: (a) granting CR's request to limit notice as set forth above and finding that the notice of this Final Application was sufficient; (b) allowing and approving CR's professional fees in the amount of $8,891.00 as reasonable compensation for 18.60 hours of actual, necessary legal services rendered to the Trustee during the Final Application Period; (c) allowing and approving CR's out of pocket costs in the amount of $6,077.00 as actual, necessary expenses

incurred in connection with the professional services rendered to the Trustee during the Final Application Period; (d) allowing and approving CR's professional fees in the amount of $5,667.00, reduced from its First Interim Application; and (e) authorizing and directing the Trustee to pay to CR the sum of $20,635.00; (f) approving estimated fees and expenses in the amounts of $2,000.00 and $868.00, respectively; and (g) granting such other relief as this Court deems necessary or appropriate.

Respectfully submitted,

Dated: August 4, 2015

COHNREZNICK LLP
*Forensic Accountants to the Trustee*

By: Chad J. Shandler, Partner